**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 21, 2017

LETTER TO COUNSEL

RE:    *Melody Noel Hammond v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2978

Dear Counsel:

On August 25, 2016, Plaintiff Melody Noel Hammond petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Hammond filed a claim for Supplemental Security Income on June 4, 2012, alleging a disability onset date of January 1, 2009. (Tr. 248, 249-57). Her claim was denied initially and on reconsideration. (Tr. 81-84, 90-93). Hearings were held on August 28, 2014 and May 28, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 27-45). Following those hearings, on June 22, 2015, the ALJ determined that Ms. Hammond was not disabled during the relevant time frame. (Tr. 9-26). The Appeals Council denied Ms. Hammond's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Hammond suffered from the severe impairments of "morbid obesity; major depressive disorder; anxiety disorder; and a history of substance abuse disorder." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Hammond retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 416.967(b) except the claimant can lift 10 pounds frequently and 20 pounds occasionally; can stand and walk for four hours (each) out of an eight hour work day and sit for six hours out of an eight hour work day; could occasionally kneel, crouch, or crawl; could never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to hazards and vibrations; is limited to unskilled, one or two step rote tasks; is limited to occasional interaction with supervisors, coworkers, and the public; and must stand

*Melody Noel Hammond v. Commissioner, Social Security Administration*
Civil No. SAG-16-2978
July 21, 2017
Page 2

up once an hour in order to stretch for five minutes, without leaving the
workplace.

(Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that
Ms. Hammond could perform jobs existing in significant numbers in the national economy and
that, therefore, she was not disabled.  (Tr. 19-20).

Ms. Hammond raises three primary arguments on appeal:  (1) that the ALJ erred in
assigning weight to the opinions of her treating physician, Dr. Angela Ezumba; (2) that the ALJ
failed to assign weight to the opinion of her child's father; and (3) that the ALJ improperly
evaluated her mental health limitations under the Fourth Circuit's decision in *Mascio v. Colvin*,
780 F.3d 632, 638 (4th Cir. 2015).  I concur that the ALJ's decision does not comport with
*Mascio*, and I am therefore remanding the case. However, I express no opinion as to whether the
ALJ's ultimate conclusion that Ms. Hammond is not entitled to benefits is correct or incorrect.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals
for the Fourth Circuit determined that remand was appropriate for three distinct reasons,
including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate
difficulties" in concentration, persistence, or pace.  *Mascio*, 780 F.3d at 638.  At step three of the
sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically
equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00
*et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant
listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A
criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which
consists of a set of impairment-related functional limitations.  *Id*. at § 12.00(A).  If both the
paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the
claimant meets the listed impairment.  *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2)
social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.
The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area,
based on the extent to which the claimant's impairment "interferes with [the claimant's] ability
to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. §
404.1620a(c)(2).  The ALJ uses a five-point scale to rate a claimant's degree of limitation in the
first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to
satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three
areas, or "marked" limitation in one of the first three areas with repeated episodes of
decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may
arise when several activities or functions are impaired, or even when only one is impaired, as
long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to
function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain
focused attention and concentration sufficiently long to permit the timely and appropriate

*Melody Noel Hammond v. Commissioner, Social Security Administration*
Civil No. SAG-16-2978
July 21, 2017
Page 3

completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3).  Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*.  The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*.  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Id*.

In the instant case, the ALJ found Ms. Hammond to have moderate limitations in maintaining concentration, persistence, or pace.  (Tr. 15).  The entirety of the analysis states:

> The undersigned agrees that the claimant is limited to simple tasks, but also finds
> that the claimant might not be as limited as she has alleged.  She remains active in
> care for her 12 year old son.  She was driving through at least 2012.  In 2013, she
> reported that she was job hunting.

*Id*.  According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which
> your impairment(s) interferes with your ability to function independently,
> appropriately, effectively, and on a sustained basis. Thus, we will consider such
> factors as the quality and level of your overall functional performance, any
> episodic limitations, the amount of supervision or assistance you require, and the
> settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2).  Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written
> decision must incorporate the pertinent findings and conclusions based on the

*Melody Noel Hammond v. Commissioner, Social Security Administration*
Civil No. SAG-16-2978
July 21, 2017
Page 4

technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4).  The cursory analysis provided by the ALJ in Ms. Hammond's case does not provide a basis for the finding of "moderate difficulties," since most of the description would suggest mild or no limitations.  The ALJ spends quite a bit of time suggesting inconsistencies between the claimant's descriptions of her abilities, but does not expressly discuss concentration at any point in the opinion.  *See, e.g.*, (Tr. 18).  Therefore, without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Hammond to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "unskilled, one or two step rote tasks."[1]  (Tr. 16).  None of those limitations address Ms. Hammond's ability to sustain work over an eight-hour workday.  The Commissioner suggests that the RFC limitation that she "must stand up once an hour in order to stretch for five minutes, without leaving the workplace" was designed to address her sustained concentration.  Def. Mot. at 13.  In the absence of any discussion of the purpose of that limitation, however, I cannot make such a finding, particularly because the restriction that claimant would need to stretch for five minutes suggests an intent to address a physical, not a mental, impairment.  In light of the inadequate explanation, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.  On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the limitation under the dictates of *Mascio*.

While Ms. Hammond's remaining arguments are less persuasive, the ALJ will have the ability to provide further explanation, if desired, on remand.  For example, the ALJ referenced a letter from the father of Ms. Hammond's child, Mr. Spangenberg, but did not expressly discuss her evaluation of its contents.  (Tr. 16).  Similarly, the ALJ discussed the opinions rendered by Ms. Hammond's treating physician, Dr. Ezumba, but did not provide much explanation for the rejection of those opinions other than conclusory assertions that the opinions were "not consistent with other evidence" or "not supported by the treatment of the claimant during this period."  (Tr. 18).  On remand, the ALJ may want to provide additional citations to the medical evidence supporting her evaluations of those opinions.

---

[1] The Commissioner cites the opinions of the non-examining State agency physicians to support the notion that Ms. Hammond could sustain work with short and simple instructions.  Def. Mot. 13. However, the ALJ provided no such analysis, saying only, "The State agency found that the claimant is able to perform unskilled work with occasional social interaction with others. These findings are consistent with the overall review of the record." (Tr. 18).  Further explanation was required, in light of the ALJ's finding that Ms. Hammond had a moderate limitation in concentration, persistence, or pace.

*Melody Noel Hammond v. Commissioner, Social Security Administration*
Civil No. SAG-16-2978
July 21, 2017
Page 5


For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.


Sincerely yours,


/s/


Stephanie A. Gallagher
United States Magistrate Judge